UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:13-cr-00035-RLY-WGH |
| ) | |
| SHAWN  KINNINGHAM (01), ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PETITION ALLEGING VIOLATION OF SUPERVISED RELEASE**

Defendant Shawn Kinningham began serving a three-year term of supervised release in December 2012 after serving a two-year sentence in federal prison for wire fraud.  Kinningham was unable to stay out of trouble for long.

In March 2013, Kinningham committed the felonies of fraud on a financial institution, check fraud and check deception in Dubois County in connection with writing a check for more than $56,000 on a frozen account to purchase two vehicles.  Kinningham faced similar charges from an April 2013 incident in Dubois County in connection with an attempt to draw funds against a bad check.  Kinningham also was charged in Vanderburgh County with four felony counts of attempted theft and four felony counts of check deception for allegedly using bad checks in May 2013 to attempt to purchase a Mercedes Benz, a BMW, an Audi, and a Lexus.

The Dubois Circuit Court sentenced Kinningham to two years in prison for these offenses, and with good time credit he served one year.  After completing his Dubois County sentence, Kinningham began serving a consecutive sentence in May 2014 arising out of the charges from Vanderburgh County.  The Indiana Court of Appeals subsequently overturned his

Vanderburgh County conviction on Fourth Amendment grounds, but by the time of the dismissal of those charges on September 2, 2015, Kinningham had served an additional 490 days in jail. Kinningham was then held briefly in Marion County for a violation before being taken into federal custody on September 17, 2015, in response to a petition alleging that he violated the terms of his federal supervised release.

On September 22, 2015, the Court held a hearing on this petition. The petition alleges six violations of the terms of his supervised release. Violations 1 and 2 allege that Kinningham violated the terms of his supervised release as a result of his Dubois County convictions, and Violation 3 makes the same allegations with respect to his Vanderburgh County convictions. Violations 4 and 5 allege that Kinningham violated his supervision by failing to make required restitution payments, and Violation 6 alleges he failed to gain employment as required since his release to supervision in December 2012.

At the September 22 hearing, Kinningham admitted to Violations 1, 2, 4, 5, and 6, and the Government dismissed Violation 3, which related to the Vanderburgh County charges overturned by the Indiana Court of Appeals. The parties stipulated that the most serious of the admitted violations was a Grade B, and that Kinningham has a criminal history category of III, resulting in a range of imprisonment of 8-14 months. The Government sought a sentence of 11 months with no supervised release to follow. Kinningham argued that he should receive credit for the 490 days he spent in state custody arising out of the now-dismissed Vanderburgh County charges. Kinningham argued that since the guideline range is 8-14 months, and he spent 490 days (more than 16 months) in state custody for charges that have since been dismissed, no additional incarceration is appropriate. The Government opposed Kinningham's argument that he should receive 490 days' credit.

The source of the parties' disagreement primarily is 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences---
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The Court invited counsel to submit case law to shed light on the proper resolution of this legal tangle. The Government primarily provided cases in which defendant was denied credit because it had been applied toward another sentence. *See e.g., U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *U.S. v. Richardson*, No. 3:06-CR-30029-MJR, 2011 WL 2693045 (S.D. Ill. July 12, 2011); *Fobair v. Cross*, No. 3:11-CV-00361-DRH-PMF, 2012 WL 1202137 (S.D. Ill. March 23, 2012). This is not the issue before the Court. Rather the issue is whether Kinningham is entitled to credit for 490 days served on an unrelated state charge after the start of his federal sentence. The Magistrate Judge concludes that he is.

There are two ways a defendant can be entitled to credit for serving time in custody. Credit can be earned while serving time for a related charge. § 3585(b)(1); *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Credit can also be earned while serving time for "any other charge" that defendant was arrested for "after the commission of the offense for which the sentence was imposed." § 3585(b)(2); *U.S. v. Wilson*, 503 U.S. 329, 332 (1992). However, neither credit may be awarded if defendant's credit was already "credited against another sentence." § 3585(b); *U. S. v. Aslan*, 644 F.3d 526, 532 (7th Cir. 2011).

The Government argues Kinningham is not entitled to any of the credit earned in Vanderburgh County because the charge was unrelated to his federal sentence. This is true, but Kinningham takes the other path to credit, which focuses on timing as opposed to relatedness. Kinningham was arrested on the state charge after his federal offense, earning 490 days' credit

which has not been applied toward another sentence.  The Government does not dispute these points.  Because Kinningham's unrelated state charge occurred after the start of his federal sentence and his credit is unused, the Magistrate Judge finds he satisfies the requirements.  Thus, Kinningham should be entitled to credit for 490 days.  *See Kayfez v. Gasele*, 993 F.2d 1288, 1289 (7th Cir. 1993); *Carter v. Walton*, No. 13-CV-01151-DRH, 2013 WL 6471975, at *2 (S.D. Ill. Dec. 9, 2013) (discussing that credit was available for the defendant's unrelated state charges because they occurred after the federal charge).

Even if the Government's interpretation of § 3585 were correct, it would not change the Magistrate Judge's view of the proper disposition of this matter.  This is because, as Kinningham argued at the September 22 hearing, 18 U.S.C § 3553(a) provides that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of the sentencing statute and shall consider, among other factors, the nature and circumstances of the offense.  The nature and circumstances in this instance include the compelling facts that Kinningham already served his entire sentence for the criminal conduct underlying Violations 1 and 2 (Dubois County), and that he served an additional 490 days for a Vanderburgh County conviction that was overturned on appeal.[1]

The Government did not contest the Court's ability to take these compelling facts into consideration in arriving at the proper disposition of the case.  However, the Government argued that consideration of these facts does not overcome the necessity of additional jail time for someone such as Kinningham, who, despite being only 25 years old, has in the words of the Government made "a career of being a fraudster."

---

[1] Kinningham's admission to Violations 4, 5, and 6 do not compel a harsher result.  Given that Kinningham has been incarcerated since May 2013, it is hardly surprising that he has failed to make restitution and failed to gain employment.

4

The Magistrate Judge is not blind to Kinningham's criminal history or the remaining sentencing factors set forth in § 3553(a), such as promoting respect for the law, deterring criminal conduct, and protecting the public from further crimes. Likewise, however, the Magistrate Judge cannot ignore the fact that Kinningham not only served his sentence in connection with the criminal conduct underlying Violations 1 and 2, he also has served an additional 490 days (more than 16 months) in jail for charges that have been dismissed. The guidelines for the instant offense call for a sentence range of 8-14 months. Kinningham already has served more time than called for by the guidelines. Imposition of an additional sentence would be nothing more than punitive and inconsistent with the guidelines and the § 3553(a) factors.

For these reasons, the Magistrate Judge recommends that Kinningham be released from custody based upon the time he already has served. Kinningham should be required to complete whatever term of supervised release remains.[2]

Any objection to this recommended decision must be filed within 14 days from the date of this order.

Date: 9/24/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The Government argued that no supervised release should follow if Kinningham were sentenced to an additional 11 months in federal custody. The Government argued that he is simply not a good candidate for supervision. The Government did not set forth its position as to supervision in the event the Court disagreed and released Kinningham or gave him a lesser sentence. If the Government believes supervision is not appropriate even if Kinningham is released immediately, the Government may file a petition requesting termination of supervision.

Distribution:

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov